Flournoy v. The State.

assessed the punishment at ten days imprisonment. Judgment accordingly, and appeal.

*Cunningham* and *Holt*, for appellant.

*Attorney General*, for appellee.

RICE S. FLOURNOY v. THE STATE.

Where the defendant, on trial for assault and battery, asked the Court to instruct the jury that an unloaded pistol was not a deadly weapon, and that a pistol without a cap was not a deadly weapon, which instructions the Court, refused to give, it was held there was no error ; the Court said : It was not in proof that the pistol was not loaded, and if it had been, the instructions asked would not have enlightened the jury as to the character of the instrument, or as to their duty. Every man of ordinary understanding must know whether such a weapon as that described, was a deadly weapon ; and the Court is not required to instruct the jury as to matters of which they are supposed to possess competent knowledge.

See this case for some remarks concerning the leniency of juries in the assessment of punishments.

Appeal from Jackson.  Indictment for assault and battery on John L. Grace.  Defendant was drinking in Grace's bar room, and became very drunk and excited, and used abusive language ; Grace tried to quiet him ; defendant drew out a small self-cocking pistol, which was immediately wrested from his grasp by a bystander ; defendant remarked it was not loaded ; he did not present it ; it had no cap on ; defendant then pushed Grace back behind the counter and choked him. The defendant was then taken away by a bystander.  Witness did not examine to see whether the pistol was loaded.— The defendant asked the Court to instruct the jury,

That a pistol unloaded is not a deadly weapon.

That a pistol without a cap is not a deadly weapon.

Which charges the Court refused to give.

The jury found a verdict of guilty, and assessed the punishment at a fine of one hundred and fifty dollars.  Motion for a new trial.  Judgment, &c.

*Cunningham* and *Holt*, for appellant.

*Attorney General*, for appellee.

WHEELER, J.  The Court did not err in refusing the instructions asked by the defendant.  It was not in proof that the pistol was not loaded : and if it had been, the instructions asked would not have enlightened the jury as to the character of the instrument, or their duty.  Every man of ordinary understanding must know, whether such a weapon, as that described, was a deadly weapon ; and the Court is not required to instruct the jury as to matters of which they are supposed to possess a competent knowledge.

We do not concur with the counsel in the opinion that the punishment imposed by the jury was excessive.  The assault was unprovoked, and attended by circumstances of a very aggravated character; evidencing a spirit of wanton reckless-

ness and violence. The defendant's intoxication was no excuse or extenuation of his crime ; and it is owing, perhaps, to the accidental circumstance, that the pistol he drew was not in a condition to be used at the moment, and that there happened to be one standing by, who wrested it from his grasp before he had time to prepare it for use by placing a cap upon it ; or that, when it was displayed, the assailed had not a similar weapon at hand, (which, if he had had, he might have used, with, at least, some pretence of justification,) that this was not a trial for murder, instead of an assault and battery. If juries would generally impose more exemplary punishment for offences of this character, reckless men would feel the necessity of more self restraint, and offences committed by violence upon the person would be of less frequent occurrence. Unfortunately, society is beset by a class of men, against whom the peaceable, law-abiding citizen has no security but in their fear of punishment. And it is too frequently the case, that juries are so lenient in imposing punishments, as to induce a low estimate of the value of personal security, and even life itself : and it is to this cause, more than to any other, that crimes by violence upon the person are of so frequent occurrence, as to seem to justify the reproach of the law, that it does not afford any adequate protection for the sacred right of personal security. The disgraceful frequency of offences of this character, is owing more to the want of efficiency in enforcing the laws, than to any imperfections in the laws themselves. When juries shall come to discharge, with more fidelity and certainty, the duties they owe to society and to themselves, we may expect the evil will be corrected ; and not before. If the criminal laws are not enforced in such a manner as to give them efficiency and power to accomplish the purposes for which they were designed, the responsibility is mainly with the people themselves, to whom, in the capacity of jurors, their administration is entrusted. The reformation of existing abuses upon this subject, must commence with the people ; for the Courts

have no power to correct them except by the efficient aid and co-operation of those, who, in the capacity of jurors, have the administration of the laws in their own hands ; and who, consequently, are responsible for their faithful and efficient administration. There is no error in the judgment, and it is affirmed.

Judgment affirmed.