Walter McDonald v. The State.

No. 5607. Decided November 26, 1919.

1.—Local Option—Complaint—Information—Rule Stated.

A misdemeanor in the County Court cannot be prosecuted without a complaint as a predicate for the information.

2.—Same—Continuance—Practice on Appeal.

Where the application for continuance alleged that˙ defendant's wife had been duly subpoenaed but was pregnant and unable to attend the court at the time of the trial and was sick in bed, the continuance should have been granted. Following: Phillips v. State, 35 Texas Crim. Rep., 483, and other cases.

2.—Same—Admissions by State—Continuance—Practice in County Court.

Where defendant filed an application for continuance on account of the testimony of his sick wife, and the State offered the defendant the right to place before the jury the testimony expected to be proved by the absent wife, which was declined by defendant, without admitting the truth of such testimony, this would not defeat the application, and it appearing from the record that said absent testimony was material the continuance should have been granted.

Appeal from the County Court of Lamar. Tried below before the Hon. W. L. Hutchison, judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law.

The transcript does not contain a complaint as a predicate for the information. Appellant, under the record, was tried on an information without a complaint. This would necessitate a reversal and dismissal of the prosecution. A misdemeanor in the County Court cannot be· prosecuted without a complaint as a predicate for the information. It may be, however, the clerk omitted to insert it in the transcript and the defect could be cured by legal procedure.

There is another question that requires a reversal of the judgment, even if the complaint had been inserted in the transcript, that is, the failure of the court to grant the continuance applied for by appellant. Application was made by appellant for the testimony of his wife, who was alleged to be pregnant and sick. We

think the diligence is sufficient, but even this is not always the criterion. A great many cases have been written upon this subject. Appellant alleges in his application that his wife had been duly subpoenaed, making the process an exhibit in the application, but it is not contained in the record. When the application was overruled it seems the court sent an officer with an attachment for the witness. The sheriff testified he went to the residence of appellant to serve the attachment upon and bring the wife to court. The evidence discloses they lived in the town of Paris where the County Court held its sessions, in the eastern part of the city. The sheriff testified: "I went to her home and found her in bed. She stated that she was unable to go to court and I did not bring her into court." Dr. Lewis testified that he was a physician, and just before this case was tried in the county court he called on Mrs. McDonald at her home in Paris and found her in bed. "She is about eight and one-half months pregnant. I see no reason why she could not come to court other than her statement that she was unable to do so. I was family physician for Mr. McDonald and had received no recent calls to his home." We hardly think it is the policy of the law to force women into court when they are sick in bed and eight and one-half months advanced in pregnancy as shown by this record. The sheriff shows when he went to the house that she was in such condition that he would not serve the attachment on or bring her to court· Appellant had applied for and been refused his continuance, and an attachment was sent and witness not brought. We think this is a sufficient showing as to diligence. In Phillips v. State, 35 Texas Crim. Rep., 483, the witness had not been subpoenaed either by the State or the appellant, but had attended the trial the day before and was taken sick on the day after she had testified in a companion case, and at the time was in an advanced state of pregnancy. Appellant moved for a continuance on account of the absent witness, who was his wife, setting up these facts. There were three affidavits filed by the State contesting this matter, showing that Mrs. Phillips was able to attend and be present as a witness. The opinion states these affidavits are not in conflict with those which show that she was sick. In fact, the question of whether she was sick or not is placed beyond any sort of doubt. The court below seems to have held in that case because she had not been subpoenaed appellant was not entitled to a continuance. This court did not concur in that view and reversed the judgment, using this language: "But under the peculiar circumstances of this case, there being no evidence tending to show that witness was acting in bad faith, or had left at the instigation of her husband, we think the rule too rigid when applied to the facts in this case." In Steger v. State, 105 S. W. Rep., 789, it was said: 'While the diligence was not of the strictest character, yet it was made to appear that no reasonable amount of diligence could have procured the female witness who was expecting daily to be

confined, and, therefore, unable to attend court." In Davis v. State, 64 Texas Crim. Rep., 9, this language is found: "The wife of defendant was in such condition that she could not attend the trial. She had been recently confined and had not sufficiently recovered to leave home and attend court." Then follows a statement of the evidence proposed to be shown by the wife, which was held material. To the same effect is Ball v. State, 44 Texas Crim. Rep., 489, and Donahoe v. State, 28 Texas Crim. App., 13. See also for collation of authorities Branch's Ann. P. C., p. 187, note 318, and p. 188, Sec. 319. The authorities are there collated and are too numerous to be inserted in the opinion. The court qualifies the bill by stating that the State offered the defendant the right to place before the jury the testimony expected to be proved by the absent wife. This was declined by the appellant. This would not defeat the application. The State may have been able to defeat it if the admission had been made that the testimony of the absent witness was true, and the authorities so hold, but it was not sufficient simply to admit that she would testify as set out in the application. Her testimony was very material, and would have been in direct contradiction of the State's testimony.

The evidence for the State is to the effect that the county attorney and a deputy sheriff, and two brothers named Rodgers went in an auto from the courthouse to the residence of appellant at night, something like a mile or more from the courthouse, in quest of whisky. When they reached, or were near the residence of appellant, the two Rodgers left the car and went to appellant's house. One of the Rodgers testified that he went in and knocked at the door, and finally after some conversation with appellant obtained a pint of whisky for which he paid seven dollars. The other Rodgers was standing near by, heard some of the conversation, and testified to facts confirmatory of the evidence of his brother. It was a cold night, and they all wore overcoats. Defendant's theory was that Rodgers carried the whisky to appellant's house and did not purchase it from appellant. The Rodgers who did not make the purchase testified that his brother did not have any whisky: that is, that he had been with him during the day and had not seen him with any, but that he had not examined him or his overcoat that night to see whether he had any or not before he went to appellant's residence. Mr. Eubank, the county attorney, did not testify, but the deputy sheriff, John Brown, and the two Rodgers did. The deputy sheriff and one of the Rodgers testified they all went into the residence of appellant, and that he had two quarts of whisky and a fraction of another bottle, and that they took several drinks with him there in his house, enjoyed his friendly hospitality and went away. This prosecution followed. Mrs. McDonald, had she been present, would have testified that her husband did not sell whisky to Rodgers; that she was there where she could see and hear, lying in bed sick. Her testimony would have been confirmatory

of her husband. He testified denying the sale of whisky. The State showed that his wife was present and in such position that she could hear and know all about the transaction and what did occur between them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*