LATTIMORE, Judge.
 

 Appellant was convicted in the county court of Upshur County of wife desertion, and his punishment fixed at a fine of $250.00 and thirty days in the county jail.
 

 In as much as the ease must be reversed because of the insuffieience of the testimony, we will not discuss the other questions raised.
 

 Appellant’s wife testified that they were married on the 30th of September, 1922, and that they remained together as husband and wife but a very short time. Appellant left her at her father’s home, telling her that he would come back that afternoon,, but he did not come back. She said she was seven months advanced in pregnancy at that time, and had since given birth to a child. She also testified that since their separation appellant had not contributed to her support, but averred that she did not know why. Also that since
 
 *533
 
 that time she had gotten a divorce from appellant and at the time of the trial was living with her father, who was taking care of her and her child.
 

 An examination of the record discloses that no testimony whatever was heard by the court or jury relative to appellant’s financial condition or his ability to take care of his wife and child, nor is it shown that there was not sufficient cause for the separation. The statute under which this prosecution was had provides that the abandonment must be wilful and without justification, and- the burden is on the State to show these facts. In order to measure up to the requirement that a continued abandonment be shown to be wilful, we are of opinion that there should be some showing of ability on the part of the accused to pay or contribute to the support of his wife; there would hardly seem to be proof of a wilful failure to contribute unless there be some such showing. Otto v. State, 266 S.
 
 W.
 
 Rep. 787.
 

 Being of opinion that the evidence fails to. measure up to the requirements of the law, the judgment will be reversed and the cause remanded.
 

 Reversed and remanded.