## W. J. MELTON v. THE STATE.

No. 13004. Delivered February 26, 1930.
Reported in 27 S. W. (2d) 161.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Child desertion is the offense; penalty, confinement in the county jail for a period of thirty days.

The trial was had upon an information and in the absence of a complaint. Art. 415, C. C. P., 1925, declares:

"No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information."

Without the complaint the prosecution cannot proceed. See Stubblefield v. State, 94 Tex. Cr. R. 444, 252 S. W. 563; McDonald v. State, 86 Tex. Cr. R. 304, 216 S. W. 166; and numerous other cases collated in Vernon's Ann. Tex. C. C. P., 1925, Vol. 1, p. 313.

The judgment of conviction is reversed and the prosecution ordered dismissed.

#### ON REINSTATEMENT OF APPEAL.

MORROW, PRESIDING JUDGE.—The record now contains the complaint. Therefore the appeal is reinstated.

Failure to support a child under sixteen years of age is the offense. The principal State's witness was the wife of the appellant. Her testimony is in substance as follows: She and her husband had been separated since June, 1928. There was one child, Warran J. Melton, Jr., who was seven years of age. The child was in need of food and other necessities which the witness could not supply. She and her husband together owned a residence of the value of $10,000.00, encumbered with $4,000.00; four business lots in Terrell, Texas, of the value of $6,000.00, encumbered with about $1300.00 or $1500.00; and household effects of the value of $2,000.00. She possessed three diamonds of the value of $700.00 which she had received from her husband. She was in possession of the home, a part of which was rented at $35.00 per month. She was in custody of the child. As we understand the record, she was earning money.

The appellant testified to the ownership of the property as did his wife. He said that a short time prior to their separation he lost the garage business and the Chrysler automobile agency; that the

Chrysler car of which he was in possession was taken in payment of a debt. He was in possession of a Chevrolet car which he was holding for repairs. The title to the Chevrolet car, as well as the other property mentioned above, was in litigation in a suit in the district court between himself and his wife. He had no means except $15.00 per week that he was earning by working in a garage. He had three minor children from a former marriage to provide and care for. He occupied a room back of the garage where he slept and rented a room for his two small girls. He had made vain efforts to secure the consent of his wife to the sale of the jointly owned property; that he had importuned his wife's attorneys to use their influence to that end and had himself employed a lawyer. He had endeavored to secure the consent of his wife to either divide the property or join in the sale of some of it, but she refused to do either. Due to the situation, he had nothing and no way of securing money save in the manner above stated. He had paid a number of bills for his wife since their separation, also bills amounting to $40.00 for milk for the child; that he was willing to support the child but was without means to do so while his property was in litigation and his wife was withholding her consent to its sale. He admitted on cross-examination that he did agree to supply $20.00 per month for the child and had paid it twice. There was evidence that he had been riding around with some girls in his Chrysler car before it was taken away from him; that he was manager of a garage and that a woman by the name of Miss Tippen was his book-keeper; that he had paid his lawyer $25.00, which he had to borrow.

The record contains two bills of exception. One of them complains of the reception in evidence of testimony concerning the motion that had been filed by his wife in the civil suit to require him to supply money for the support of the child. The other bill complains of the misconduct of a juror with reference to which the facts are quite peculiar. J. W. Merridith stated on his voir dire that he had formed and expressed no opinion as to the guilt of the appellant; that there would be nothing in his mind to prevent him from making a fair and impartial juror. It appears by the testimony of the jurors that upon entering the jury room Merridith stated that he was surprised that he had been selected as a juror; that he lived in Terrell (the home of the prosecutrix and the former home of the appellant), and knew both sides of the case; that this would have nothing to do with his arriving at a verdict, and that he would join in any verdict that the others agreed upon. The effect of the conduct of juror Merridith was to deprive the appellant of a

jury of six men. The matter will not be discussed, however, as the evidence is not deemed sufficient to show a wilful neglect to support a child. See Flowers v. State, 87 Tex. Cr. R. 293, 221 S. W. 289; Hollien v. State, 87 Tex. Cr. R. 645, 224 S. W. 779; Mikeska v. State, 88 Tex. Cr. R. 504, 228 S. W. 235; Rasor v. State, 92 Tex. Cr. R. 566, 224 S. W. 1017; Otto v. State, 98 Tex. Cr. 549, 266 S. W. 787; West v. State, 110 Tex. Cr. R. 544, 9 S. W. (2d) 737; Bennett v. State, 109 Tex. Cr. R. 237, 4 S. W. (2d) 62; Prock v. State, 92 Tex. Cr. R. 494.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*