D. A. DUCKWORTH V. THE STATE.

No. 15436. Delivered December 14, 1932.
Reported in 55 S. W. (2d) 97

The opinion states the case.

*B. B. Kirk*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for child desertion; punishment, two years in the penitentiary.

The law under which appellant was convicted was passed and became effective August 21, 1931. In order to sustain this conviction it would have to be shown that since said time, the accused had wilfully failed to support, etc., his minor children. Elms v. State, 99 Texas Crim. Rep., 500. The burden is on the state to make such showing. The mere fact, in proof, that the accused did not support or contribute to the support of his children after August 21, 1931, would not suffice to show that his failure or refusal was wilful. He may not have been able.

As we understand this record, there is not a word of testimony establishing that since August 21, 1931, appellant has had any money to contribute to the support of his children, or any work from which he might receive money, or any property which might be converted into money. The statement that at some indefinite time since June, 1930, appellant received as much as four hundred dollars soldier bonus furnishes no such proof. He may have received this amount in July or August, 1930, or at any time prior to August 21, 1931, and may have lost same or paid it out on other obligations prior to the taking effect of this law. This court can not let a conviction stand unless and until same be supported by some proof justifying the conclusion of guilt.

If this case should be tried again testimony as to the kind of people who lived in the house occupied by appellant, should be omitted, as well as testimony of the conduct of persons at the house to which appellant went on one occasion with his little son. Such testimony has no bearing on the issue of wilful desertion, etc., and is capable of creating prejudice against the accused and thereby doing him much harm.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*