# JANUARY 15, 1941

C. W. Barker v. The State.

No. 21305.  Delivered January 15, 1941.

The opinion states the case.

*R. T. Correll,* of Perryton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the county court of Ochiltree County of willfully setting fire to a fence, the property of another, and was by the jury fined the sum of $25.00, the charging part of the indictment being as follows:

"That C. W. Barker on or about the 8th day of March, A. D. one thousand nine hundred and forty and anterior to the presentment of this indictment, in the County of Ochiltree, and State of Texas, did then and there unlawfully and wilfully set fire to a fence there situate, the property of another, to-wit, J. W. Moore, the said C. W. Barker then and there not being in possession of said fence at the time, and the said C. W. Barker not then and there being in control of said fence at the time of the said setting fire to said fence aforesaid," etc.

The statute under which this prosecution is based being found in Vol. 3, Vernon's Ann. P. C., in the Pocket Edition, as

Art. 1388b, and reads as follows: "Section 1. Any person who willfully sets fire to woods, forests, fences, grass or rubbish of any kind, on lands of which he is not in possession or control at the time of setting out such fire, or who willfully causes fire to be communicated to such woods, forests, fences, grass or rubbish, or who willfully and maliciously sets on fire or causes to be set on fire any timber, weeds, or marshes, so as to cause loss or injury to another, shall be guilty of a misdemeanor, and on conviction must be fined not less than Ten ($10.00) Dollars, nor more than Two Hundred ($200.00) Dollars."

It is our opinion that this indictment is defective in that it fails to allege that appellant set fire to this fence "so as to cause loss or injury to another," that being the gist of the offense.

We are also of the opinion that, in the event of a further trial of this matter, the court should respond to the request of the appellant and give in charge to the jury a definition of the legal meaning of the term "willful." See Bennett v. State, 4 S. W. (2d) 62; Townsend v. State, 51 S. W. (2d) 696.

On account of the defect in the indictment this judgment is reversed and the prosecution ordered dismissed.