**RICKS–MAGUIRE COMPANY, Appellant,**

v.

**J. T. OLIVER, Appellee.**

**RICKS–MAGUIRE COMPANY and
G. W. Maguire, Appellants,**

v.

**William L. SPENCER, Appellee.**

Nos. 7300, 7301.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 11, 1963.

Paul Thorp, Dallas, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Harold C. Rector, Amarillo, of counsel, for appellees.

CHAPMAN, Justice.

This is a venue case.

Suits upon promissory notes were filed by appellees, J. T. Oliver and William L. Spencer, respectively, in Causes Nos. 38181 and 38182 in Potter County against Ricks-Maguire Company, a corporation, and G. W. Maguire. Each defendant filed pleas of privilege alleging their residence and domicile to be in Dallas County. Plaintiffs, appellees, duly controverted as to Ricks-Maguire Company under Subdivision 23 of Article 1995, Vernon's Ann.Tex.Civ.St., denying that Ricks-Maguire Co. was a resident or domiciled in Dallas County and asserted the Company was in fact a resident and domiciled in Potter County. Appellees controverted as to G. W. Maguire under Subdivision 4 of Article 1995, V.T.C.S. alleging that since the corporation was domiciled in Potter County, venue as to both defendants was properly in said county.

The trial court rendered judgment holding venue as to both defendants in Potter County.

On October 17, 1955, Ricks-Maguire Co. filed its Certificate of Adoption of the Texas Business Corporation Act, V.A.T.S., designating Potter County as the registered office of the corporation with G. W. Maguire as the registered agent.

The Company contends that its Board of Directors on August 25, 1960, authorized the change of the corporation's registered office to Dallas County and that since October 15, 1960, all its corporate functions have been carried out from that office. They contend under these conditions they were entitled to be sued in Dallas County. However, the record shows the Statement of Change of Registered Office from Potter County to Dallas County was not filed with the Secretary of State until February 4, 1963. Prior to that date both suits herein had been filed and service of process issued.

Section 23 of Article 1995 provides suits against a private corporation may be brought in the county in which its principal office is situated.

The designation by a corporation of its office is for venue purposes, so it may be sued in the county of its designated registered office even though it may have moved its principal office to another county. United States Furniture Corp v. Twilite Mobile Homes Mfg. Co., Tex.Civ.App., 355 S.W.2d 851.

A corporation's domicile is the county of its registered office. Ward v. Fairway Operating Company, Tex., 364 S.W.2d 194 (Supreme Court).

Subdivision 4 of Article 1995 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants reside.

Therefore, even though G. W. Maguire's residence at the time of filing the suits was

in Dallas County, venue was properly held to be in Potter County for him also, since the corporation could be sued in such county.[1]

Accordingly, the judgment of the trial court is in all things affirmed.

1. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576.