**EVANS ASSOCIATED INDUSTRIES, INC., Appellant,**

v.

**David A. EVANS, Appellee.**

**No. 16024.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1973.

Rehearing Denied April 12, 1973.

Owen, Brewster, Steinberger & Co., Jack L. Brewster, El Paso, for appellant.

Philip E. Hosey, Galveston, for appellee.

COLEMAN, Justice.

This is an appeal from an order overruling a plea of privilege. The judgment is affirmed.

Appellee sued appellant in the District Court of Harris County, Texas. Service was issued and was served on him as registered agent for the corporation. The suit papers were promptly forwarded to the officers of the corporation in El Paso, Texas. A plea of privilege, and an answer subject thereto, were filed by the corporation. Appellee filed a controverting plea contending that venue was proper in Har-

ris County by virtue of Subdivision 23, Article 1995, Vernon's Ann.Civ.St.

At the hearing on the plea it was established that the corporate charter designated David A. Evans as its initial registered agent and that the post office address of its initial registered office was shown by the charter to be 1617 Fannin Street, Suite 1320, Houston, Texas. There is no evidence that the corporate charter has been amended to change its registered agent or the location of its registered office.

The problem in this case arises from the fact that the trial court took judicial notice of the fact that 1617 Fannin, Houston, Texas, is a location in Harris County, Texas. He also took judicial notice of the fact that Houston, Texas, extends into three counties of the State of Texas.

A split of authority exists as to whether judicial notice can be taken that a location described by a street address is or is not inside certain political boundaries. Anno.: Judicial Notice—Parks-Thoroughfares, 48 A.L.R.2d § 7(c), pp. 1131–1132. The Supreme Court of Georgia held that the court would take judicial notice that the City of Atlanta is located partially in Fulton County, Georgia, but that it would not take judicial cognizance of the location of 823 Washington Street in the City of Atlanta, and that proof of residence at that address was not sufficient to prove that a party resided in Fulton County. Harmon v. Harmon, 209 Ga. 474, 74 S.E.2d 75 (1953).

The Criminal Court of Appeals of Oklahoma in Dooley v. State, 82 Okl.Cr. 243, 168 P.2d 651 (1946), took judicial knowledge of the fact that 408 North Johnstone in the City of Bartlesville was in Washington County.

In National Optical Co. v. United States Fidelity & Guaranty Co., 77 Colo. 130, 235 P. 343 (1925), the court said:

" . . . The court takes judicial notice of matters of common knowledge in the community where it sits; therefore

the relative positions of the corner of Seventeenth and Champa streets and 1522 Glenarm Place, both in an old and well-known part of the city, are known to the court . . . ."

The Supreme Court of Texas traced the development in this state of the doctrine of judicial notice in Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521 (1961), where it held that despite the fact that the district court was not formally requested to take judicial notice of the fact, and did not announce formally that it had done so, it could "notice the certain and indisputable fact of common knowledge that the entire city of Jacksonville is located" in Cherokee County. In reaching this decision the court quoted from decisions in which it was stated that facts may be noticed "because of their public notoriety and indisputable existence," and that "a court cannot blind its eyes to the knowledge of a fact which is notorious throughout its jurisdiction."

■ The court room in which this case was heard is located in the Harris County Civil Courts Building located at 301 Fannin Street in the City of Houston. The trial court knew that 1617 Fannin Street was some thirteen blocks from the Courthouse. He judicially knew the location of the boundaries of Harris County. He stated that he would judicially notice the fact that 1617 Fannin Street was an address within Harris County, and no evidence was offered on the point. This is a matter of common knowledge in the community. Fannin Street is one of the principal business streets in the City. The method used in providing addresses for the buildings in the downtown business district is uniform and well known in the community. The action taken by the trial court was not error. Cascio v. State, 213 Ark. 418, 210 S. W.2d 897 (1948).

■ The county in which the registered office of the corporation is located is a statutory place of residence of the corpora-

tion. It may be sued in the county of its designated residence even though it may have moved its principal office to another county. Vines v. Harry Newton, Inc., 445 S.W.2d 260 [Tex.Civ.App.—Houston (1st) 1969]; Ricks-Maguire Company v. Oliver, 373 S.W.2d 269 (Tex.Civ.App.—Amarillo 1963).

The judgment is affirmed.