Reginald Gerard MOUTON, Appellant,

v.

The STATE of Texas Appellee.

No. 01–81–0047–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1981.

Philip Bozzo, Jr., Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, BASS and DUGGAN, JJ.

DUGGAN, Justice.

Appellant was convicted of arson under Texas Penal Code Sec. 28.02(a)(1), and punishment, enhanced by proof of prior convictions, was assessed by the jury at five years confinement in the Texas Department of Corrections.

The appellant was found guilty of setting fire to his brother's automobile while it was parked in front of his brother's house in Houston, Texas. On appeal he alleges four grounds of error.

By his first ground of error, the appellant argues that the trial court erred in failing to set aside the indictment due to the unconstitutional arbitrariness of Texas Penal Code Sec. 28.02, in violation of the 14th Amendment of the United States Constitution and Art. 1, Sec. 19 of the Texas Constitution. The gravamen of his argument of unconstitutionality is that the statute proscribes an act that would not be an offense in an *unincorporated* area, and that this constitutes an arbitrary and unequal treatment of the class of people to which the appellant is a member. The appellant's argument is without merit.

The appellant is not correct in arguing that the proscribed act of setting fire to an automobile with intent to damage and destroy the same would not constitute an offense in an *unincorporated* area. As is shown by Sec. 28.02(a), the proscribed act could constitute arson under several of the six subsections; only subsection (a)(1) refers to geographical location as an element of the offense.

Section 28.02(a) reads as follows:

(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle:

(1) knowing that it is within the limits of an incorporated city or town;

(2) knowing that it is insured against damage or destruction;

(3) knowing that it is subject to a mortgage or other security interest;

(4) knowing that it is located on property belonging to another;

(5) knowing that it has located within it property belonging to another; or

(6) when he is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another.

The arbitrariness alleged by the appellant does not exist in the overall statute. Thus, if the conviction is to be reversed due to unconstitutionality, that defect must appear on the face of subsection (a)(1).

Appellant argues that since subsection (a)(1) lacks equal application and liability to all citizens of the state, it stands as arbitrary discrimination and is void. While the appellant cites Art. 1, Sec. 19 of the Texas Constitution as guaranteeing equal protection of the laws to all citizens of the State, it is Art. 1, Sec. 3 that does so, and his reliance upon Sec. 3 has therefore been assumed.

■■■ Texas has long recognized that legislation limited in operation to only a portion of the state or prescribing different rules for distinct geographical areas is not invalid for denying equal protection where there is a reasonable basis for the distinction and all persons similarly situated in the same place are equally treated. See *Ex Parte George*, 152 Tex.Cr.R. 465, 215 S.W.2d 170 (1948), which states that a regulatory statute applicable only to cities in excess of certain size populations is not discriminatory or arbitrary class legislation in violation of equal protection rights. See also *Ex Parte Tigner*, 139 Tex.Cr.R. 452, 132 S.W.2d 885 (1939), which states that the legislature may classify with reference "to an evil to be prevented." Equal protection does not dissolve state police power, but only prohibits laws that are purely arbitrary and without any reasonable basis whatsoever. Before this court can interfere with the legislative exercise of police power, it must be able to state that there is no fair reason for the law that would not require its extension to others left untouched. *Tigner.* One who assails the statutory classification as being contrary to the equal protection clause has the burden of proving that it is purely arbitrary and lacks any reasonable basis in police power. *Tigner.*

■■ It is clear that by enacting Sec. 28.02 in its entirety, the Legislature has reasonably and non-arbitrarily exercised its police power to protect the health and safety of its citizens. Subsection (a)(6) generally covers setting fire to property where such would endanger life or property; subsection (a)(1) specifically prohibits setting fires within an incorporated area where clearly the dangers to life and property are considerably greater and more immediate. Appellant's argument of voidness due to inapplicability of and liability under the statute to all citizens of Texas is patently incorrect. The perpetrator need not be a *resident* of an incorporated city or town to commit an offense under subsection (a)(1); the statute does not create a classification of *offenders* to which the appellant is a member. Additionally, setting fire to property could constitute an offense in any geographical or political area of the state under any other subsection of Sec. 28.02. Equal protection relates to equality of persons as such, rather than as between geographical areas, and territorial uniformity is not a prerequisite. For a concise discussion (but not in a penal context), see *Carl v. South San Antonio Independent School District*, 561 S.W.2d 560 (Tex.Civ.App.—Waco 1978, n. r. e.).

■■ The appellant also attacks the constitutionality of the statute due to subsection (b) of Sec. 28.02, which states that

It is a defense to prosecution under Subsection (a)(1) of this section that prior to starting the fire or causing the explosion, the actor obtained a permit or other written authorization granted in accordance with a city ordinance, if any, regarding fires and explosions.

He argues, as with subsection (a)(1) above, that this is unconstitutionally arbitrary. However, appellant has neither alleged reliance upon this subsection nor asserted any right under it, and he therefore has no standing to raise its unconstitutionality. As subsection (b) has no applicability whatsoever to the present case, this court need not address the issue of its constitutionality. *Ex Parte Usener*, 391 S.W.2d 735 (Tex.Cr.

App.1965); *Taylor v. State,* 172 Tex.Cr.R. 461, 358 S.W.2d 124 (1962). The appellant's first ground of error is overruled.

■ In his second ground of error, the appellant complains that the trial court failed to comply with the provisions of Art. 36.14, V.A.C.C.P., by not "distinctly setting forth the law applicable to the case." Stated otherwise, appellant's complaint is that the court may have correctly applied the law to the facts, but it did not first discuss the abstract law. The authorities cited by appellant state only that a charge must correctly apply the law to the facts, and do not support his broader contention. As stated in *Mangan v. State,* 168 Tex.Cr.R. 265, 324 S.W.2d 849 (1959):

> The complaint appears to be that the charge is not in the time-honored form and does not first state the substantive law and thereafter apply the same to the facts.
>
> * * * * * *
>
> We are aware of no authority requiring that the provisions of the statute defining the offense charged be first stated in the charge. The rule appears to be that the charge is sufficient if the instruction correctly presents the law of the case in language which is not likely to be misconstrued by the jury, and the statute need not be quoted.

324 S.W.2d at 850. Indeed, the practice of quoting a statute in its entirety in the charge, including portions neither pleaded in the indictment nor supported by the proof, has been condemned by the Court of Criminal Appeals. As stated in *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App.1976):

> This practice at best is useless and at worst may confuse and mislead the jury and, therefore, prejudice a defendant. This Court in the past has had occasion to caution against the enumeration in the charge of portions of a statute that could not be relied upon for a conviction (citations omitted). We reiterate that admonition.

537 S.W.2d at 7. Nor does it appear from the record that the appellant objected to the charge on this ground or presented a suggested charge with his requested material. His second ground of error is overruled.

■ By his third ground of error, the appellant asserts that his motion for instructed verdict should have been granted in that the State failed to prove that the appellant knew the subject vehicle was located within an incorporated city, such knowledge being an element of the offense. Texas case law recognizes that when knowledge of the defendant must be established, it can be shown by independent facts and circumstances indicative of such knowledge. *Hineline v. State,* 502 S.W.2d 703 (Tex.Cr. App.1973); *Powell v. State,* 502 S.W.2d 705 (Tex.Cr.App.1973). The State established that the appellant had lived in the incorporated area of Houston where the offense occurred when he was between the ages of seven and twelve; that his girlfriend's brother lived in the neighborhood; that the appellant's brother, the complainant, lived in the neighborhood, and that the appellant himself had lived at his brother's house where the offense occurred for a few months in 1978. This constitutes independent facts plus circumstances that would indicate that the appellant knew that the vehicle, parked in front of the house where he himself had once lived, was located within the incorporated city of Houston. His position that the prosecution established no evidence of such knowledge is without merit, and his third ground of error is overruled.

■ In his fourth and final ground of error, the appellant complains that the trial court erred in failing to include the definitions of "intent" and "knowledge" in its charge to the jury. Although the ground of error is multifarious under the requirements of Art. 40.09, Sec. 9, V.A.C.C.P., each of the alleged omissions will nevertheless be dealt with separately.

The record shows that at trial the appellant objected to the court's proposed charge, *inter alia,* in that "there is no state of mind alleged as is required by the Texas Penal Code, and, therefore, any finding of guilty

will not be based on a state of mind as required both in the Code and in the Criminal Court's opinion construing the mental state necessary for certain acts." This was clearly a request that the charge require a finding of state of mind as an element of the offense, and was not a request for definitions of "intent" and "knowledge." The court correctly refused this request since the charge required the jury to find before conviction that the defendant "did then and there start a fire *with the intent to damage or destroy a vehicle* owned by [complainant]," and required the jury to find further "that he did so ... *knowing that the vehicle was within the limits* of an incorporated city, namely Houston." (Emphasis added). Both "intent" and "knowing" were included in the charge, as required by Sec. 28.-02(a)(1).

 Appellant's above-quoted statement did not constitute an objection to a failure to define either "intent" or "knowledge." After orally presenting further objections and requests pertaining to unrelated matters, the appellant's attorney stated:

> I would ask that the Court's charge contain the following: 'That a person acts intentionally or with intent, with respect to the nature of his conduct, or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause a result.'

This request was refused. The statement was not phrased as a request that "intent" or "knowledge" be defined, although the wording is almost verbatim the definition of "intentionally" given in Texas Penal Code Sec. 6.03(a). Appellant did not request a definition of the term "knowledge," nor did he object to lack of such definition. While no objection is necessary where an instruction on point is properly requested, neither procedure appears in the record. *Guzman v. State*, 567 S.W.2d 188 (Tex.Cr. App.1978).

As to the necessity of a definition of the word "intent," the appellant cites two cases that are distinguishable. In *Watson v. State*, 548 S.W.2d 676 (Tex.Cr.App.1977), a rape case, the court merely stated, in foot-noted dicta, that a court *should* include statutory definitions in its instructions where applicable. Unlike the terms "threat" and "force" in the statute defining rape involved in *Watson*, "intent" is not defined in Sec. 28.02. *Watson* does not state that it is reversible error per se for the court to refuse to define a word defined by statute, but only that the court should do so. *Thomas v. State*, 474 S.W.2d 692 (Tex. Cr.App.1972), held it to be reversible error not to define "prima facie evidence" where a confusing charge contained the undefined terms "prima facie evidence," "maximum prima facie" and "prima facie reasonable and prudent speed limit," and the defendant therein objected to the charge and specifically requested that the court define "prima facie evidence."

No case has been found, nor has any been cited, that specifically holds it to be reversible error not to define "intent" in a jury charge for arson. Early Texas cases held it necessary to define "willful" under the original arson statute. *Barker v. State*, 140 Tex.Cr.R. 580, 146 S.W.2d 761 (1941); *Erwin v. State*, 61 S.W. 390 (Tex.Cr.App.1901). Subsequent pre-penal code cases have held it not reversible error to fail to define "intentional" in homicide and assault cases, since that term is of commonly acceptable meaning readily understandable to jurors. *Hogan v. State*, 496 S.W.2d 594 (Tex.Cr. App.1973); *Redd v. State*, 452 S.W.2d 919 (Tex.Cr.App.1969).

The facts of the case, followed by the written charge submitted by the court, make it highly unlikely that the jury was misled or confused by lack of definitions in the charge of the terms "intent" or "knowing." Appellant's fourth ground of error is overruled.

The judgment is affirmed.