Jerita BELLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00328–CR.

Court of Appeals of Texas, El Paso.

June 13, 1990.

Norbert J. Garney, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for arson. The jury assessed punishment at imprisonment for five years, probated, and a fine of $2,000.00. We affirm.

Appellant was convicted under Count II of the indictment, alleging a violation of former Tex.Penal Code Ann. sec. 28.02(a)(1) [now sec. 28.02(a)(2)(A) (Vernon Supp. 1990)], which charged under terms of that section that she "did ... intentionally and knowingly start a fire with the intent to damage and destroy a building, *knowing that it is within the limits of an incorporated city or town,...."* [Emphasis added.] The sole point of error challenges the sufficiency of the evidence to establish that she knew the location of the burned building was within the El Paso city limits. The fire was set at the Stardust Motel, 6210 Montana in El Paso *County*, Texas, approximately two blocks from the intersection of Wieland and Airport. No evidence, testimonial or documentary, expressly described the location as being within the incorporated limits of the city of El Paso.

Matters of common knowledge are subject to consideration by the jury in its deliberation, despite the absence of express evidence to that effect being admitted during trial. No instruction is required on such matters. *Flournoy v. State*, 16 Tex. 31 (1881). Matters of common knowledge may be incorporated in final argument without support in the express evidence. *Carter v. State*, 614 S.W.2d 821 (Tex.Crim.App.1981); *Salinas v. State*, 542 S.W.2d 864 (Tex.Crim.App.1976). If an element of the State's case, or some necessary predicate linkage for such element, may be a matter of common knowledge, then a sufficiency of the evidence review is not limited to the evidence presented from the witness stand. Consideration must also be

given to the proper scope of common knowledge presumably possessed by the jurors. The question before this Court is whether the record evidence of a building at 6210 Montana, two blocks from the intersection of Wieland and Airport, in El Paso County, Texas, is a sufficient basis for the jury to then conclude from common knowledge that such site is within the El Paso city limits. We conclude that it is.

■ We consider this analogous to judicial notice under Tex.R.Crim.Evid. 201(b)(1) —facts generally known within the territorial jurisdiction of the court. Matters of common knowledge, either for jury consideration or judicial notice, include geographical facts which are certain, indisputable and capable of verifiable certainty. *Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154, 157–158 (Tex.1967). *See also Evans Associated Industries, Inc. v. Evans*, 493 S.W.2d 547, 548 (Tex.Civ.App.— Houston [1st Dist.] 1973, writ dism'd) (facts of public notoriety and indisputable existence); *Buckaloo Trucking Company v. Johnson*, 409 S.W.2d 911 (Tex.Civ.App.— Corpus Christi 1966, no writ) (commonly known, easily ascertainable and indisputable facts). In *Barber*, the Supreme Court recognized that judicial notice, under a common knowledge theory, could be taken of the general limits of municipal boundaries within the territorial jurisdiction of the court. In that case, notice was taken of the relative location of a road intersection, 81st Street and Highway 385, four miles north of downtown Odessa. In *Evans*, the First Court of Appeals sanctioned notice by common knowledge of the fact that a numbered site on a designated street was within that portion of the Houston city limits located in Harris County. The appellate court emphasized that the numbered site was on a principal thoroughfare of the city and that its relative location within the city was a matter of common knowledge. In *American Fidelity & Casualty Co., Inc. v. Williams*, 34 S.W.2d 396, 402 (Tex. Civ.App.—Amarillo 1930, writ ref'd), a common knowledge theory of judicial notice was sufficient to supply the fact that "2407 Tenth Street" in Lubbock County was within the Lubbock city limits.

In *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 523 (1961), it was suggested that the rules governing matters of common knowledge and judicial notice differ between the civil and criminal sides of the docket. We hesitate to assert the total elimination of any distinction between these two descending lines of authority. Nonetheless, with the advent of Tex.R. Crim.Evid. 201(b)(2), there is certainly a narrowing of any gap, providing sufficient harmony to encompass the facts and issue in the case before us.

■ This opinion should not be interpreted to mean that every street and address may be characterized as a matter of common knowledge. Nor are we suggesting that the precise metes and bounds description of the city limits may be accepted as common knowledge. In fact, the very base evidence in this case, cited above, includes elements which standing alone would not be susceptible to such characterization. We consider the general location and direction of Montana to be a matter of common knowledge. It is an historic, principal artery of the city of El Paso. That alone is not enough, for we also consider it a matter of common knowledge that, to the east, Montana extends beyond the incorporated limits of the city. In *Evans*, the court of appeals recognized common knowledge of the address numbering system and the relative distance in blocks between the courthouse and the site at issue, both located on the same street. The address number of the site in this case, "6210", does not provide a similar basis for conclusion by the jury. The reference to a two-block distance from another named street intersection is, however, significant. Wieland, not being a principal street, cannot be considered a landmark of common knowledge. Airport, like Montana, is such a significant thoroughfare that we can safely recognize a common awareness of its location and direction within the city limits. Consequently, we conclude that there is a common knowledge, capable of verifiable certainty, that there is no location anywhere along Montana that is within two blocks of

*any* segment of Airport and is not also well within the city limits of El Paso.

If the evidence were less definite in fixing the outer limit of the location of no. 6210 along Montana, common knowledge could not be relied upon, given the fact that at some point Montana does traverse the city limits. The necessary limit imposed by reference to Airport places the site of the fire so deeply within the city limits that no one in residence long enough to be summoned for jury duty could fail to partake of sufficient common knowledge to satisfy the challenged element of the offense.

Having concluded that the jury in this case could reasonably conclude that the fact that the described location of the fire was within the city limits of El Paso was a matter of common knowledge and recognizing that such a fact must meet a stringent test for public notoriety. We consider this some evidence that Appellant knew from the same public notoriety that the site was within the city limits. Admittedly, the evidence reflected that Appellant had only been in El Paso some two weeks at the time of the alleged offense. This diminishes to some extent the significance of the public notoriety consideration. Neither factor, degree of public notoriety nor length of residence, can be quantified. Both were available to the jury in arriving at their conclusion. While the length of Appellant's residency was short, the fire was set at the location of her residency and not at some more remote site in the city. It is reasonable to assume that a new resident partakes of matters of community common knowledge more readily when they are more directly or proximately connected to her immediate location or activity in that city. Nor can there be an objective time standard for when a visitor or new resident becomes charged with matters of public notoriety. Certainly, a visitor to New York needs neither a surveyor's opinion nor a lengthy exposure to public knowledge to become aware that the Empire State Building is within New York City. While no feature of El Paso may claim nationwide notoriety akin to the Empire State Building, the common knowledge standard is local, not state or national.

In *Mouton v. State,* 627 S.W.2d 765, 768 (Tex.App.—Houston [1st Dist.] 1981, no pet.), the defendant also challenged the sufficiency of the evidence that he knew the site of the arson was within the incorporated limits of Houston. There, in rejecting the point, the Court of Appeals noted that there was evidence he was a resident of Houston from age seven to age twelve. This is not a significant distinction from the present case, given the size of Houston and the age of the defendant during his juvenile residency. These factors are comparable to the short residency of Appellant in the case before us. Of greater significance is the fact that the defendant in *Mouton* "had lived at his brother's house where the offense occurred for a few months in 1978.-" That is comparable to the fact that the arson before us occurred in the very motel room where Appellant had been residing in El Paso. Not present in the *Mouton* case is the fact that immediately prior to the fire, Appellant summoned and was visited by an officer of the El Paso City Police Department. Standing alone this may not be sufficient. Appellant is correct in suggesting that the average lay citizen may not be aware of the territorial jurisdiction of city police officers. On that basis, the jury could have reasonably rejected the significance of the officer's response as indicating Appellant's knowledge. That does not preclude, however, the jury from reasonably accepting this as some additional evidence that she knew the location was within the city limits.

Considering the common knowledge characteristics of the described location, the *Mouton* factors present and the summons and arrival of the city police officer, we conclude that there was sufficient evidence upon which the trier of fact could reasonably conclude that the Appellant knew the site of the fire was within the El Paso city limits. Point of Error No. One is overruled.

The judgment is hereby affirmed.