NO. 07-02-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 20, 2003

_____

STEVIE PRESTON DEAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,735-B; HONORABLE JOHN BOARD, JUDGE

_____

**MEMORANDUM OPINION**[1]

Before QUINN and REAVIS and CAMPBELL, JJ.

Following a plea of not guilty, appellant Stevie Preston Dean was convicted by a

jury of delivery of a controlled substance and punishment was assessed by the court at two

_____

[1]Tex. R. App. P. 47.2(a).

years confinement in a state jail facility. Presenting six issues, appellant challenges: (1) and (2) the legal and factual sufficiency of the evidence to support his conviction where the alleged crime could not have occurred at 908 North Washington, Amarillo, Potter County, Texas; (3) and (4) the legal and factual sufficiency of the evidence to establish that the crime was committed in Potter County; (5) the legal sufficiency of the evidence to sustain the allegation of venue in Potter County; and (6) the legal sufficiency to sustain the jury's verdict that the alleged crime occurred in Potter County. Based upon the rationale expressed herein, we affirm.

Appellant's challenge to the sufficiency of the evidence is limited to the question of venue; thus, only the facts necessary to disposition of the appeal will be discussed. The indictment alleged that appellant "in the County of Potter and State of Texas, did then and there intentionally and knowingly deliver, by actual transfer to MARK WITTIE, a controlled substance . . . ." The indictment did not allege that the offense occurred at a specific address.

By his issues, appellant contends the State failed to prove venue. We disagree and address the issues simultaneously. Generally, venue for a criminal prosecution is in the county in which the offense was committed. Tex. Code Crim. Proc. Ann. art. 13.18 (Vernon 1977). A plea of not guilty puts in issue the allegations of venue and places the burden on the State to prove venue by a preponderance of the evidence either by direct or circumstantial evidence. Black v. State, 645 S.W.2d 789, 790 (Tex.Cr.App. 1983) (en

2

banc); *see also* Tex. Code Crim. Proc. Ann. art. 13.17 (providing that "it shall be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue").

On appeal, we presume that venue was proved in the trial court unless it was disputed at trial or the record affirmatively establishes the contrary. Tex. R. App. P. 44.2(c)(1); Sander v. State, 52 S.W.3d 909, 916 (Tex.App.–Beaumont 2001, pet. ref'd). Otherwise, the appellate presumption does not obtain and the evidence must show by a preponderance that the State proved venue. Holdridge v. State, 707 S.W.2d 18, 21 (Tex.Cr.App. 1986) (en banc); *see also Black*, 645 S.W.2d at 791 (holding that when venue is made an issue at trial failure to prove venue in the county of prosecution is reversible error).

Agent Mark Wittie of the Panhandle Regional Narcotics Trafficking Task Force testified that he was introduced to appellant by a confidential informant. According to Wittie's testimony, the introduction occurred at 908 North Washington in Amarillo, Potter County, Texas. He further testified:

> Yes, we drove to 908 North Washington in my vehicle, parked on the north side of the house, which would be at the intersection of 9th and North Washington.

After the State rested, the defense called the Chief Deputy of the Potter County Tax Office to testify regarding the street address of 908 North Washington. During direct examination, she testified as follows:

Q. Were you able to bring me any information on the address at 908 North Washington Street in Amarillo?

A. No, sir.

Q. Why is that?

A. That address does not appear on our tax rolls.

Q. Is there – would that – to appear on tax roll, would there have to be a residence there or a building?

A. Not necessarily. Sometimes there are addresses that are – some areas of town don't have accurate addresses.

Q. Okay, This is one of those cases where there is no – from your tax rolls – there is no residence or building at 908 North Washington?

A. Right?

Q. And did you also check with anybody else to verify this?

A. Yes, sir, the Potter Randall Appraisal District.

During closing argument the defense argued that the State did not prove venue because there was no residence located at 908 North Washington.

The State concedes appellant disputed venue at trial by the foregoing testimony and by his closing argument. Thus, the appellate presumption does not apply and we must review the evidence to determine if the State met its burden of proof. *See* Cunningham v. State, 848 S.W.2d 898, 902 (Tex.App.–Corpus Christ 1993, pet. ref'd) (noting that venue was raised by the defendant during jury argument). The jury may make

4

reasonable inferences from the evidence to decide the issue of venue. Couchman v. State, 3 S.W.3d 155, 161 (Tex.Cr.App.–Fort Worth 1999, pet. ref'd). Also, the evidence is sufficient if the jury may reasonably conclude from the evidence that the offense was committed in the county alleged. *Id*.

Appellant was indicted for delivery of a controlled substance *in the County of Potter and State of Texas*. (Emphasis added). Agent Wittie's uncontradicted testimony established that he was introduced to appellant at 908 North Washington in Amarillo, Potter County, Texas. In his brief, appellant argues that it was impossible for the offense to have occurred at 908 North Washington "as alleged in the indictment." However, the indictment does not allege a street address and article 13.17 of the Code of Criminal Procedure does not require the State to allege a particular location within a county. Although the State concedes that Wittie's testimony about a specific numerical address was problematic, Potter County jurors could have reasonably inferred that North Washington Street is entirely located in Potter County. *See generally* Bella v. State, 792 S.W.2d 542, 544 (Tex.App.–El Paso 1990, no pet.) (concluding that evidence of a building at a specified address was sufficient for the jury to conclude from common knowledge that the location was within the El Paso city limits). Considering that the jury could have reasonably inferred that the charged offense occurred in Potter County, as alleged in the indictment, we conclude the State proved venue by a preponderance of the evidence. Appellant's six issues are overruled.

5

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.