**Ex parte Lonzo USENER.**

**No. 38388.**

Court of Criminal Appeals of Texas.

June 23, 1965.

**736**

Petsch & Petsch, by Alfred Petsch, Fredericksburg, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of the District Court of Gillespie County refusing to discharge appellant after hearing and remanding him to the custody of the Sheriff of Gillespie County, Texas.

The application for writ of habeas corpus alleged that appellant had been convicted under a complaint, the charging part thereof reading as follows: "Made an improper approach for a left turn in that he did not use that portion of the right half of the road nearest to the center line thereof to make the said approach * * *", had been fined in the sum of $75.00, and

that appellant was being held under a capias pro fine.

The sole issue, which has not heretofore been presented for the determination of this Court, is the constitutionality and validity of Section 65(b) of Article 6701d, Vernon's Ann.Civ.St., which states:

"Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."

Appellant urges in his brief that this Court also determine the Constitutional validity of Section 65(d) of Article 6701d, V.A.C.S. The record before us does not reflect that Subsection (d) was involved in the offense charged. We have held that it is incumbent upon an accused to show that he was convicted or charged under that portion of the statute the constitutionality of which he questions. We do not write declaratory judgments. Donahoo v. State, 162 Tex.Cr.R. 388, 285 S.W.2d 952.

We now discuss appellant's contention that Subsection (b) is so general and indefinite as to fail to define the offense with which he is charged with the degree of definiteness required by the Constitution and Laws of the State of Texas and the United States.

The statute sets a standard sufficiently definite so that an ordinary and interested person might ascertain therefrom what offense he might commit by failing to comply therewith relative to the proper approach for a left turn. Ex Parte Trafton, 160 Tex.Cr.R. 407, 271 S.W.2d 814.

We overrule the contention that the statute in question is invalid for indefiniteness.

The judgment remanding appellant to the custody of the Sheriff of Gillespie County is affirmed.