NO. 12-01-00054-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


BOB OVERMAN,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 1 OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Bob Overman ("Appellant") appeals his conviction for intentionally and knowingly obtaining
criminal history record information in an unauthorized manner and intentionally and knowingly
using the information for an unauthorized purpose, (1) for which he was sentenced to confinement for
zero days, probated for six months, and fined seven hundred fifty dollars. Appellant raises three
issues on appeal. We affirm.


Background

 During March 2000, campaigns for city elections for Whitehouse, Texas were underway. 
The Whitehouse election secretary, Cheryl McGinnis ("McGinnis"), received information regarding
mayoral candidate Christian Reagan ("Reagan") that she thought might disqualify him. McGinnis
was discussing with the Whitehouse City Manager, Ronnie Fite ("Fite"), how she could gain access
to Reagan's criminal records to verify his qualifications to run for office when Appellant, who was
the City Marshal, entered the room and participated in the conversation as well. Fite suggested that
information should be obtained from an entity other than the Whitehouse Police Department. 
Appellant stated that he knew of a way they could get the information, placed a phone call to Clyde
Carter ("Carter") at the Overton, Texas Police Department, and requested that Carter run a criminal
history report on Reagan. Carter ran the report for Appellant, even though Appellant told Carter that
Reagan was a mayoral candidate. In fact Carter stated that at trial he "asked what the gentleman had
done and [Appellant] said [Reagan] was running for mayor." Carter further stated that he knew that
he was not supposed to run a criminal history report for such a purpose. Carter related the arrest and
conviction information to Appellant over the phone and subsequently shredded the report. Appellant
then announced to Carter and McGinnis that Reagan had been previously arrested for passing a bad
check. 

 Appellant was charged with intentionally and knowingly obtaining criminal history record
information in an unauthorized manner and intentionally and knowingly using the information for
an unauthorized purpose. The matter subsequently proceeded to trial. A jury found Appellant guilty
as charged and sentenced him to confinement for zero days, probated for six months, and fined
Appellant seven hundred fifty dollars.


Legal Sufficiency

 In his first issue, Appellant contends that the evidence is legally insufficient to support the
jury's verdict. Legal sufficiency is the constitutional minimum required by the Due Process Clause
of the Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6
S.W.3d 1, 6 (Tex. App.- San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 In order to successfully prosecute a conviction pursuant to Texas Government Code section
411.085 as alleged in the indictment in this case, the State of Texas (the "State") was required to
prove that Appellant intentionally or knowingly either obtained criminal history record information 
in an unauthorized manner, or used such information for "reasons other than criminal justice
purposes." See Tex. Gov't. Code Ann. § 411.085 Appellant concedes that he intentionally and
knowingly contacted Carter, who related to Appellant criminal history record information concerning
Reagan. However, Appellant argues that there is no evidence that the information was obtained in
an unauthorized manner or that he used the information for an unauthorized purpose. The record
shows otherwise.

 Section 411.083 of the Texas Government Code provides that criminal history record
information maintained by the Department of Public Safety (the "Department") is confidential
information for the use of the Department and may be disseminated by the Department to a criminal
justice agency only for a criminal justice purpose. See Tex. Gov't. Code Ann. § 411.083 (Vernon
Supp. 2002). Moreover, criminal history record information obtained from the Department by a
criminal justice agency may be released by that criminal justice agency to another criminal justice
agency if such release is for a criminal justice purpose. See Tex. Gov't. Code Ann. § 411.089
(Vernon 1998). The term "criminal justice purpose" means either (1) an activity that is included in
the administration of criminal justice or (2) screening of applicants for employment with a criminal
justice agency. See Tex. Gov't. Code Ann. § 411.082(4) (Vernon 1998). "Administration of
criminal justice" means the performance of any of the following activities: detection, apprehension,
detention, pretrial release, post-trial release, prosecution, adjudication, correctional supervision or
rehabilitation of an offender. Tex. Code Crim. Proc. Ann. art. 60.01(1) (Vernon Supp. 2002); see
also Tex. Gov't. Code Ann. § 411.082(1) (Vernon 1998). The term also includes criminal
identification activities and the collection, storage, and dissemination of criminal history record
information. See Tex. Code Crim. Proc. art. 60.01(1). In the instant case, Carter testified that as
he ran the criminal history report, he asked Appellant what Reagan had done and that Appellant
responded that Reagan was running for mayor. Further, the evidence reflects that Appellant held the
office of City Marshal, which is not part of the Department of Public Safety. See Tex. Gov't. Code
Ann. § 411.002(a) (Vernon Supp. 2002); Tex. Loc. Gov't. Code Ann. § 341.021, et seq. (Vernon
1999). Finally, the record indicates that Appellant was neither engaging in an activity included in
the administration of criminal justice, see Tex. Code Crim. Proc. art. 60.01(1), nor screening
applicants for employment with a criminal justice agency, and thus, had no right to obtain such
criminal history information from the Department. (2) As such, there is evidence in the record to
support that Appellant intentionally or knowingly obtained criminal history record information
related to Reagan in an unauthorized manner. Therefore, the evidence is legally sufficient to support
the jury's verdict. Appellant's first issue is overruled.


Factual Sufficiency

 In his second issue, Appellant contends that the evidence is factually insufficient to support

the jury's verdict. In considering factual sufficiency, an appellate court must first assume that the
evidence is legally sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996). The appellate court then considers all of the evidence in the record related
to Appellant's sufficiency challenge, not just the evidence which supports the verdict. The appellate
court reviews the evidence weighed by the jury which tends to prove the existence of the elemental
fact in dispute, and compares it to the evidence which tends to disprove that fact. Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). The court is authorized to disagree with the jury's
determination, even if probative evidence exists which supports the verdict. Clewis, 922 S.W.2d at
133. However, factual sufficiency review must be appropriately deferential so as to avoid the
appellate court's substituting its own judgment for that of the fact finder. The court's evaluation
should not substantially intrude upon the jury's role as the sole judge of the weight and credibility
of witness testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's
verdict on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88,
96 (Tex. App.- El Paso 1996, pet. ref'd). Ultimately, a reviewing court must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting
guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting
evidence, as to render the conviction clearly wrong and manifestly unjust." Oritz v. State, No.
73692, 2002 WL 31116634, at * 5 (Tex. Crim. App. Sept. 25, 2002). 

 In the instant case, it is undisputed that Appellant intentionally and knowingly contacted
Carter, who related to Appellant criminal history record information concerning Reagan. 
Appellant's reason for obtaining the information on Reagan is undisputed. Reagan was running for
mayor. Such a reason is not listed under the activities comprising the administration of criminal
justice, see Tex. Code Crim. Proc. art. 60.01(1), or any other section of Texas Government Code
chapter 411 authorizing persons to obtain criminal history record information. (3)

 In his brief, Appellant has not cited to any contradicting great weight of evidence concerning
the issue of whether the criminal history information was obtained in an unauthorized manner. 
Moreover, a review of the record as a whole does not uncover any such evidence so as to cause a
conclusion that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
verdict, nor that the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Therefore, the evidence is factually sufficient to support the jury's verdict. 
Appellant's second issue is overruled. 


Vagueness

 In his third issue, Appellant argues that Texas Government Code section 411.085 is
unconstitutional because it fails to define proscribed conduct with sufficient definiteness that
ordinary people can understand what conduct is prohibited and fails to establish guidelines which
would prevent arbitrary enforcement of the law. (4) A penal law is void for vagueness if it fails to
define the criminal offense with sufficient definiteness that ordinary people can understand what
conduct is prohibited or fails to establish guidelines to prevent arbitrary and discriminatory
enforcement of the law. City of Chicago v. Morales, 527 U.S. 41, 64-65, 119 S. Ct. 1849, 1863, 144
L. Ed. 2d 67 (1999) (O'Connor, J. concurring). A statute which forbids or requires the doing of an
act in terms so vague that men of common intelligence must necessarily guess at its meaning and
differ as to its application violates the first essential of due process of law. Adley v. State, 718
S.W.2d 682, 685 (Tex. Crim. App. 1986). 

 In the case at hand, Section 411.085 states that a person commits an offense if he knowingly
or intentionally obtains criminal history record information in an unauthorized manner. See Tex.
Gov't. Code 411.085(a)(1). Section 411.083 states that criminal history record information
maintained by the Department is confidential information for the use of the Department and may not
be disseminated by the Department except as provided by that subchapter. See Tex. Gov't. Code
411.083(a). Further, criminal history record information obtained from the Department by a criminal
justice agency may be released by that criminal justice agency to another criminal justice agency if
such release is for a criminal justice purpose. See Tex. Gov't. Code Ann. § 411.089. However,
Appellant argues that the definition of "criminal justice purpose" is vague in that it refers to an
activity that is included in the "administration of criminal justice," which is defined by Texas Code
of Criminal Procedure article 60.01. See Tex. Gov't. Code § 411.082(1). Article 60.01specifically
sets forth activities which comprise the "administration of criminal justice." See Tex. Code Crim.
Proc. art. 60.01(1). Appellant argues that since the term "administration of criminal justice"
includes the dissemination of criminal history record information, Texas Government Code section
411.082 defines the circumstances under which proscribed conduct may be conducted in terms of
the proscribed conduct itself. However, since Appellant was not charged with dissemination of
criminal history record information, but rather, wrongfully obtaining or using such information, he
does not have standing to challenge the vagueness of the term "criminal justice purpose" on the basis
that it includes the act of disseminating criminal history record information. See Ex parte Usener,
391 S.W.2d 735, 736 (Tex. Crim. App. 1965). 

 But even if Appellant had standing to make such a constitutional challenge, the result would
not differ. The terms of the statute in question are not so vague that men of common intelligence
must necessarily guess at its meaning and differ as to its application. In sum, Texas Government
Code section 411.085 proscribes a person from obtaining criminal history record information in an
unauthorized manner. Section 411.083 provides that criminal history record information is
confidential information for use by the Department, and may be disseminated by the Department to
a criminal justice agency only for a criminal justice purpose. Moreover, criminal history record
information obtained from the Department by a criminal justice agency may be released by that
criminal justice agency to another criminal justice agency if such release is for a criminal justice
purpose. See Tex. Gov't. Code Ann. § 411.089. The term "criminal justice purpose" is defined
by Section 411.082(4)(A) as "an activity that is included in the administration of criminal justice." 
Section 411.082(1) refers to Texas Code of Criminal Procedure article 60.01 for a definition of the
term "administration of criminal justice." Article 60.01 specifically sets forth an exclusive list of
activities comprising the administration of criminal justice. Thus, a person who is an authorized
member of a criminal justice agency may obtain criminal history record information from the
Department or from another criminal justice agency for use in the conduct of the activities set forth
in Texas Code of Criminal Procedure article 60.01(1). (5) Appellant's third issue is overruled. 

 Accordingly, we affirm the judgment of the trial court.





 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered October 31, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.








(DO NOT PUBLISH)




1. See Tex. Gov't. Code Ann. § 411.085 (Vernon 1998).
2. Sections 411.089 through 411.136 of the Texas Government Code contain further provisions regarding
who may obtain criminal history information and to what uses they may put the information. See Tex. Gov't. Code
Ann. §§ 411.089-.136 (Vernon 1998 & Supp. 2002). Based on the facts of the instant case, Appellant was not
authorized to obtain criminal history record information pursuant to these statutes.
3. See n.2.
4. The State contends that Appellant has waived this issue. However, since Appellant argued this issue in
both his motion for directed verdict and as an objection to the trial court's charge, we hold that Appellant has
preserved the issue for appellate review.
5. See also n.3.