# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00500-CR

---

**Steven Elmer Hinds, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT OF LAMPASAS COUNTY
### NO. 21,045, THE HONORABLE RANDALL J. HOYER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Steven Elmer Hinds guilty of the Class C misdemeanor offense of attending an exhibition of cockfighting as a spectator. *See* Tex. Penal Code § 42.105(b)(6). Appellant, acting pro se, seeks to have the charges against him dismissed on the ground that section 42.105, particularly subsection (b)(6), of the Texas Penal Code is unconstitutional. *Id.* For the following reasons, we affirm the county court's judgment of conviction.

### BACKGROUND[1]

A jury in justice court found appellant guilty of the Class C misdemeanor offense of attending an exhibition of cockfighting as a spectator, and the justice of the peace assessed a

---

[1] Because the parties are familiar with the evidence adduced at trial and appellant does not challenge the sufficiency of the evidence to support his conviction, we do not recite the evidence in our analysis. *See* Tex. R. App. P. 47.1.

fine of $500 and payment of court costs as appellant's punishment. *See id.* §§ 12.23 (stating that individual adjudged guilty of Class C misdemeanor shall be punished by fine not to exceed $500), 42.105(g) (stating that offense under subsection (b)(6) is Class C misdemeanor).

Appellant appealed to the county court and filed four motions to dismiss the State's case against him challenging the constitutionality of criminalizing cockfighting. Before trial, the county court denied his motions to dismiss. The jury found him guilty, and the county court assessed the same punishment that the justice court did. This appeal followed.

## ANALYSIS

As a preliminary matter, we observe that appellant asks this Court "to render a decision on each of the arguments presented in all four of [his] duly filed motions" to dismiss that he filed with the county court. He also states that his brief "shall present only the First Amendment arguments however the separate Motions to dismiss are included in this Appeal."

Although we construe pro se briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable rules of procedure. *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd); *Kindley v. State*, 879 S.W.2d 261, 264 (Tex. App.—Houston [14th Dist.] 1994, no pet.); *see* Tex. R. App. P. 38.9. The applicable rules require appellant's brief to set forth clear and concise arguments with appropriate citations to authorities and the record. Tex. R. App. P. 38.1(i); *see Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (discussing appellate briefing requirements); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011) (same); *see also Bierwirth v. State*, No. 03-17-00314-CR, 2019 Tex. App. LEXIS 1006, at *11–12 (Tex. App.—

2

Austin Feb. 13, 2019, pet. ref'd) (mem. op., not designated for publication) (stating standards for adequate appellate briefing and collecting cases addressing briefing standards).

Holding appellant to the applicable standards, we decline his request to "render a decision on each of the arguments presented in all four of these duly filed motions" and limit our analysis to his appellate arguments, which are based on the First Amendment. *See* Tex. R. App. P. 38.1 (stating requirements of appellant's brief). We construe his issue on appeal to be that section 42.105(b)(6) is facially unconstitutional because it violates "constitutionally protected rights of free exercise of religion, freedom from religion, freedom of association and assembly found in the First Amendment by and through the Fourteenth Amendment of the United States Constitution." *See* U.S. Const. amends. I, XIV.[2]

*Standard of Review*

"A facial challenge is an attack on a statute itself as opposed to a particular application." *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). It requires establishing "that no set of circumstances exists under which that statute would be valid." *Id.*

---

[2] Although appellant states in his brief that he is making facial and as applied constitutional challenges, the substance of his argument appears to be a facial challenge. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (explaining that "as applied" challenge concedes general constitutionality of statute but asserts that it is unconstitutional as applied to defendant's particular facts and circumstances and that "a litigant must show that, in its operation, the challenged statute was unconstitutionally applied to him; that it may be unconstitutional as to others is not sufficient (or even relevant)"). Appellant also cites article I, sections 1, 2, 3, 3a, 4, 5, 6, 7, 8, 12, 17, 19, 26, 27, 29, and 34 of the Texas Constitution, but he does not explain how his rights under the Texas Constitution were violated or differentiate between rights under the Texas Constitution and the rights that he asserts under the First Amendment. *See Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (explaining that "appellate court is not required to make an appellant's arguments for her" (citing *Lucio v. State*, 351 S.W.3d 878, 898 (Tex. Crim. App. 2011))). Thus, we limit our analysis to his facial constitutional challenge based on the First Amendment. *See id.*; *see also* Tex. R. App. P. 38.1.

3

Whether a criminal statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). "Statutes are presumed to be constitutional until it is determined otherwise." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). A person challenging the constitutionality of a statute generally has the burden of establishing its unconstitutionality. *Peraza*, 467 S.W.3d at 514.

*Challenge to Section 42.105(b)(6)*

The gist of appellant's arguments on appeal is that section 42.105(b)(6), as well as the entirety of section 42.105, is unconstitutional because it violates the First Amendment rights of "gamecock farmers" in their role as property owners of chickens. He explains that his "argument focuses on a socially disadvantaged group of chicken farmers also called gamecock farmers (cockfighters), and their attendance at an event on private property," complains about "the excuse of protecting chickens" against the farmer's "private property rights," and argues that "[t]he judge in this case has determined that chickens take precedence above human rights and are a justified excuse to endanger the life of and violate the individual freedoms, protections and guarantees enshrined in the Constitution of the United States and the Constitution of the State of Texas to enforce this unconstitutional law protecting chickens from the farmers that own the chickens."[3]

---

[3] Appellant further elaborates: (i) "[t]hese laws usurp Christian beliefs and deprive gamecock farmers of the free exercise of religion and thus freedom to exercise the 'dominion' (control and rule) which God gave man over the animals, fish and fowl the individual farmer owns all property rights . . . while simultaneously forcing gamecock farmers into the religious practices of respecting Paganism and animal worship" and (ii) the freedom of religion for Christians "includes exercising the dominion of man (control and rule) over the earth, animals, fish and fowl, and the Constitution is written to ensure that each person is equal in the freedom and exercise of God given rights as each individual chooses to believe these rights exist. To remove and deny the dominion of the individual over the animals the individual owns is an

Before we can decide whether section 42.105 and its subsection (b)(6) are constitutional, we must first resolve whether appellant has standing to challenge the constitutionality of section 42.105 and subsection (b)(6). *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (citing *Ulster County Court v. Allen*, 442 U.S. 140, 154–55 (1979)); *Meshell v. State*, 739 S.W.2d 246, 250 (Tex. Crim. App. 1987). To attack the facial constitutionality of a penal statute, a defendant must show that the challenged statute is "being invoked against him," *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017), which generally means that the challenger "was convicted or charged under that portion of the statute the constitutionality of which he questions." *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 909 (Tex. Crim. App. 2011) (quoting *Ex parte Usener*, 391 S.W.2d 735, 736 (Tex. Crim. App. 1965)). A defendant also ordinarily lacks standing to challenge a statute on the ground that it may be unconstitutionally applied to the conduct of others. *State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015).

The State's case against appellant and his conviction were not based on appellant being a farmer who owned game fowl but on his attendance as a spectator at an exhibition of cockfighting. Thus, he has not established his standing to challenge other subsections of section 42.105, *see Lykos*, 330 S.W.3d at 909, or to challenge subsection (b)(6) on the ground that it may be unconstitutionally applied to farmers who own or breed game fowl, *see Johnson*, 475 S.W.3d at 864. His standing is limited to challenging section 42.105(b)(6) in his role as a spectator, and other than summarily stating that his First Amendment rights have been violated,

---

attempt to remove God as the source of rights and force the owner into policies and beliefs rooted in the animal worshiping religious beliefs of Paganism based on majoritarism [sic] which is prohibited by the Constitutions of the United States and Texas."

.

5

he has not cited authority that would support his position or explained how his First Amendment rights have been violated by his conviction for being a spectator at an exhibition of cockfighting. Thus, we conclude that his arguments have not overcome the presumption that section 42.105(b)(6) is constitutional. *See Peraza*, 467 S.W.3d at 514. On this basis, we overrule his issue on appeal.[4]

## CONCLUSION

Having overruled his issue, we affirm the county court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: July 8, 2021

Do Not Publish

---

[4] To the extent appellant raises new arguments in his reply brief, we do not consider them. *See* Tex. R. App. P. 38.3 (stating that appellant may file reply brief addressing any matter in appellee's brief); *Barrios v. State*, 27 S.W.3d 313, 322–23 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (concluding argument raised in reply brief went beyond scope of Tex. R. App. P. 38.3).