**Affirmed and Memorandum Opinion filed October 4, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00575-CR

## EX PARTE MEDGER CHAUNCY DUCKENS

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1688384**

## M E M O R A N D U M   O P I N I O N

In this appeal from a judgment denying a pretrial application for writ of habeas corpus, appellant Medger Chauncy Duckens contends that Penal Code section 43.26, which criminalizes certain conduct pertaining to child pornography, is facially overbroad and violates the free speech clauses of the United States and Texas Constitutions. *See* Tex. Penal Code § 43.26; U.S. Const. amend. I; Tex. Const. art. I, § 8. We affirm.

## Background

Penal Code section 43.26 is entitled "Possession or Promotion of Child Pornography." Under subsection 43.26(e), a person commits an offense if:

> (1) the person knowingly or intentionally promotes or possesses with intent to promote material described by Subsection (a)(1); and
>
> (2) the person knows that the material depicts the child as described by Subsection (a)(1).

Tex. Penal Code § 43.26(e). The material described in subsection (a)(1) is "visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8)." *Id.* § 43.26(a)(1). To "promote" the described material includes its manufacture. *Id.* § 43.25(5) (defining "promote").

A Harris County grand jury indicted appellant on one count of promotion of child pornography in violation of section 43.26(e). The indictment alleged that appellant:

> unlawfully, intentionally and knowingly manufacture[d] visual material, namely manufacture[d] a digital image that visually depicts a child younger than eighteen years of age at the time the image was made, who is engaging in sexual conduct, to wit: LEWD EXHIBITION OF THE GENITALS, and [appellant] knew that the visual material depicted the child engaging in said sexual conduct.

Appellant sought pretrial dismissal of the charge in an application for writ of habeas corpus. In his Second Amended Application for Writ of Habeas Corpus, appellant asserted that section 43.26 is facially unconstitutional as overbroad for three reasons:

- it punishes as "child pornography" the possession of images of people who may effectively consent to sexual conduct;

2

- it punishes as "child pornography" the possession of images of "lewd exhibitions of . . . the anus, or any portion of the female breast below the top of the areola," which is speech that the United States has never recognized as child pornography; and

- it punishes as "child pornography" the possession of images of "simulated" sexual conduct, which does not implicate the purposes of the child pornography exception to free speech.

The trial court held a hearing at which no evidence was taken. Following the hearing, the trial court denied appellant's request to dismiss the indictment. Appellant timely appealed.

### Analysis

In appellant's first four issues on appeal, he contends that section 43.26 is facially unconstitutional: under the United States and Texas Constitutions because it forbids as child pornography images of people who are not children for purposes of engaging in sexual conduct, i.e., seventeen-year-olds; under the United States Constitution because it punishes as child pornography images of body parts that the Supreme Court has not categorized as child pornography; and under the First Amendment to the United States Constitution because it punishes as child pornography images of simulated sexual conduct. In appellant's fifth issue, he contends that the statute is facially unconstitutional under the First Amendment to the United States Constitution because it restricts possession by a person under eighteen years of age of images of himself or herself. And in his sixth issue, he asserts that if any one of the above-referenced "forms of overbreadth" did not individually render the statute unconstitutionally overbroad, "some combination of them would."

3

## A.     Standard of Review and Applicable Law

We generally review a trial court's ruling on an application for writ of habeas corpus using an abuse-of-discretion standard, and we view any evidence in the light most favorable to that ruling and defer to implied factual findings supported by the record. *Ex parte Fusselman*, 621 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). Pretrial habeas corpus proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Id.* (citing *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005)). Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy, reserved for situations when the protection of the applicant's substantive rights or the conservation of judicial resources are better served by interlocutory review. *Ex parte Ingram*, 533 S.W.3d 887, 891-92 (Tex. Crim. App. 2017). Unless double jeopardy is involved, pretrial habeas is not available unless the question presented, if resolved in the defendant's favor, would result in an immediate release from custody. *Id.*

A defendant may seek pretrial habeas relief only in limited circumstances. *Greenwell*, 159 S.W.3d at 649-50 (citing *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)). Those limited circumstances include a facial challenge to the constitutionality of a statute. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). A party raising a facial challenge to the constitutionality of a statute must demonstrate that the statute operates unconstitutionally in all of its applications. *State v. Rosseau*, 396 S.W.3d 550, 555 (Tex. Crim. App. 2013); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). In such a facial challenge, courts consider the statute only as it is written, rather than how it operates in practice. *Fine*, 330 S.W.3d at 908. A facial constitutional challenge to a statute is extremely difficult to prove, as all courts presume that the Legislature enacted a constitutional

4

law and all courts must seek to uphold the facial constitutionality of legislative enactments. *Id.* at 909.

## B. Jurisdiction

We first address the trial court's jurisdiction. To attack the facial constitutionality of a penal statute, the defendant must show that the challenged statute is "being invoked against him," *Ingram*, 533 S.W.3d at 892, which generally means that the challenger "was convicted or charged under that portion of the statute the constitutionality of which he questions." *Fine*, 330 S.W.3d at 909; *see Ex parte Usener*, 391 S.W.2d 735, 736 (Tex. Crim. App. 1965); *Boas v. State*, 604 S.W.3d 488, 493 (Tex. App.—Houston [14th Dist.] 2020, no pet.). A party generally lacks standing to challenge the constitutionality of a statute under which he has not been charged. *E.g.*, *Fine*, 330 S.W.3d at 909 (explaining that accused must show that he was convicted or charged under "portion of the statute the constitutionality of which he questions").

In his third issue, appellant complains that section 43.26 is facially unconstitutional because the statute's inclusion of "lewd exhibition of … the anus, or any portion of the female breast below the top of the areola" "expands the definition of the content of the forbidden pornography beyond that which the Supreme Court has allowed to be restricted." Additionally, in his fourth issue, appellant urges that the statute is facially overbroad because it punishes as child pornography images of "simulated" sexual conduct.

Appellant has not shown that the portions of section 43.26 about which he complains in his third and fourth issues have been invoked against him. He was not charged with the promotion of visual material depicting the "lewd exhibition of … the anus, or any portion of the female breast below the top of the areola" of a child younger than eighteen, or with the promotion of visual material depicting simulated

sexual conduct of a child younger than eighteen. He was charged only with manufacturing a digital image visually depicting a child younger than eighteen at the time the image was made, who is engaging in "lewd exhibition of the genitals." Thus, the trial court lacked jurisdiction to address the purported facial challenges asserted in appellant's third and fourth issues. *E.g.*, *State v. Stubbs*, 502 S.W.3d 218, 223 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (trial court lacked jurisdiction to declare entire online impersonation statute unconstitutional when appellant was only indicted under subsection (a) of the statute); *see also Ex parte Maddison*, 518 S.W.3d 630, 635 (Tex. App.—Waco 2017, pet. ref'd) (same); *Boas*, 604 S.W.3d at 494-95. Even a favorable resolution of these issues would not deprive the trial court of power to proceed on appellant's current charge or result in his immediate release and addressing these issues would result in a prohibited advisory opinion. *See Ingram*, 533 S.W.3d at 891-92; *Smith*, 185 S.W.3d at 892 (explaining that, generally, "a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release"); *cf. Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015) (explaining that it is well-settled that a statute's constitutionality should not be determined in any case unless that determination is "absolutely necessary to decide the case in which the issue is raised"); *Fine*, 330 S.W.3d at 909.

Accordingly, we overrule appellant's third and fourth issues.

## C.  Constitutional Overbreadth Analysis

The trial court had jurisdiction, however, over the contentions raised in appellant's first and second issues because those arguments concern facial challenges to portions of the statute appellant stands accused of violating. In those issues, appellant argues that the statute punishes the promotion of visual material

6

visually depicting a seventeen-year-old engaging in sexual conduct. As appellant contends, a seventeen-year-old person in Texas can "effectively consent to sexual contact with a person of any age." According to appellant, the person depicted in the visual image that is the subject of the indictment was seventeen years old when the image was made. For these reasons, appellant says the statute is facially overbroad under both the U.S. and Texas Constitutions.

This court has recently addressed and rejected identical arguments, as have the First and Ninth Courts of Appeals. *Fusselman*, 621 S.W.3d at 117-22; *Ex parte Fusselman*, Nos. 09-21-00129-CR, 09-21-00130-CR, 09-21-0131-CR, 09-21-00132-CR, 09-21-00133-CR, 09-21-00134-CR, 09-21-00135-CR, 09-21-00136-CR, 09-21-00137-CR, 09-21-00138-CR, 2022 WL 1395316, at *2 (Tex. App.—Beaumont May 4, 2022, no pet. h.) (mem. op., not designated for publication); *Ex parte Dehnert*, 605 S.W.3d 885, 890-96 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd).

Appellant acknowledges this court's binding precedent in *Fusselman*, and he does not seek to distinguish it. For the reasons stated in *Fusselman*, we hold here that section 43.26 is not unconstitutionally overbroad because it prohibits possession of pornography that depicts seventeen-year-olds, who, as appellant urges, "are not children for purposes of engaging in sexual conduct." *Fusselman*, 621 S.W.3d at 117-20; *see also Dehnert*, 650 S.W.3d at 890-96.

We overrule appellant's first two issues.

## D. Appellant's Fifth and Sixth Issues are Unpreserved

In appellant's fifth issue, he asserts that section 43.26 is unconstitutional because it restricts possession by a person under eighteen years of age of images of himself or herself. In his sixth issue, he contends that, even if none of the forms of

overbreadth alleged in his first five issues would render section 43.26 "*substantially overbroad, . . .* some combination of them would." Appellant addressed neither issue in his live application—his second amended writ application filed February 25, 2020.[1] Accordingly, appellant did not preserve these issues for our review. *See* Tex. R. App. P. 33.1; *Fusselman*, 621 S.W.3d at 122-23; *State v. Condran*, 951 S.W.2d 178 (Tex. App.—Dallas 1997), *pet. dism'd as improv. granted*, 977 S.W.2d 144 (Tex. Crim. App. 1998); *Galvan v. State*, 869 S.W.2d 526, 528 (Tex. App.—Corpus Christi 1993, pet. ref'd) (when reviewing an appeal from the denial of a pretrial application for writ of habeas corpus, we review the record as it existed before the trial court at the time of the habeas hearing).

We overrule appellant's fifth and sixth issues.

## Conclusion

Having considered and rejected all reasons advanced by appellant for holding Penal Code section 43.26 unconstitutionally overbroad, we overrule appellant's issues. We affirm the trial court's judgment denying appellant's second amended application for writ of habeas corpus.

/s/     Kevin Jewell
        Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant raised his fifth issue in his initial writ application and his first amended writ application. But he excluded this issue entirely from his second amended writ application, which was the live pleading at the time of the court's hearing on his application.