**Opinion issued August 24, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-22-00735-CR

———————————

## EX PARTE DESTIN SPEARMAN, Appellant

---

### On Appeal from the 482nd District Court
### Harris County, Texas
### Trial Court Case No. 1747440

---

### MEMORANDUM OPINION

Appellant, Destin Spearman, challenges the trial court's order denying his pretrial application for writ of habeas corpus.[1]  In his sole issue, appellant contends that the trial court erred in denying him habeas relief.

We affirm.

---

[1]     *See* TEX. R. APP. P. 31.

## Background

Appellant is charged with the felony offense of employment harmful to children.[2] A Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about October 26, 2020, "unlawfully, intentionally and knowingly employ[ed] and authorize[d] A.E.," the complainant and "a person younger than eighteen years of age, to work in a place of business permitting a child to work nude and a place of business permitting a child to work topless, namely, 7320 Ashcroft, Unit 204."

Appellant filed a pretrial application for writ of habeas corpus, arguing that his confinement and restraint were unlawful because Texas Penal Code section 43.251, which establishes the felony offense of employment harmful to children, was facially unconstitutional under the First Amendment of the United States Constitution and the Texas Constitution.[3] According to appellant, section 43.251 was facially overbroad in that it "criminalizes vast amounts of previously unregulated speech and expression, and makes it a second-degree felony, punishable by up to twenty years in prison, for an employer in any business to 'permit' an

---

[2] *See* Act of May 26, 2017, 85th Leg., R.S., ch. 1038, § 13, section 43.251, 2017 Tex. Gen. Laws 4072, 4076–77 (amended 2021) (current version at TEX. PENAL CODE ANN. § 43.251).

[3] Appellant, in his pretrial application for writ of habeas corpus, made no specific arguments under the Texas Constitution.

employee under the age of twenty-one to show any part of their buttocks." (Emphasis omitted.)

> Th[at] means, in essence, that a twenty-year old woman who owns her own pool cleaning business violates th[e] statute if she wears a bathing suit while working a shift. The [L]egislature drafted a law that outlaws anyone under [twenty-one] from modeling short shorts, underwear, or bikinis unless they are paid. It criminalizes speech that has nothing to do with any legitimate government interest and is unconstitutionally overbroad.

Appellant also asserted that Texas Penal Code section 43.251 was "a content-based restriction" of speech that violated the First Amendment, so it was presumed to be unlawful. And, according to appellant, even if section 43.251 was a "content-neutral" regulation, "the statute [was] drafted so poorly that it fail[ed] even intermediate scrutiny." In his pretrial application for writ of habeas corpus, appellant relied solely on the current version of Texas Penal Code section 43.251, effective September 1, 2021, in making his arguments.[4]

In its response to appellant's pretrial application for writ of habeas corpus, the State argued that the trial court lacked jurisdiction to consider appellant's

---

[4] *See* Act of May 30, 2021, 87th Leg., R.S., ch. 942, § 8, sec. 43.251, 2021 Tex. Gen. Laws 2434, 2437 (eff. Sept. 1, 2021) (current version). Under the current version of Texas Penal Code section 43.251, "[a] person commits [the offense of employment harmful to children] if the person employs, authorizes or induces a [person younger than twenty-one years of age] to work . . . in any place of business permitting, requesting, or requiring a [person younger than twenty-one years of age] to work nude or topless." *See* TEX. PENAL CODE ANN. § 43.251(a), (b) (current version).

3

constitutionality challenges to Texas Penal Code section 43.251 because a defendant can only challenge the constitutionality of the statute under which he is actually charged. And here, appellant, in his pretrial application for writ of habeas corpus, challenged the current version of Texas Penal Code section 43.251, effective September 1, 2021.[5] Significantly though, appellant was charged under a previous version of the statute because appellant allegedly committed the offense employment harmful to children on or about October 26, 2020.[6] As a result, according to the State, the trial court did not have jurisdiction to consider appellant's constitutionality complaints made in his pretrial application for writ of habeas corpus.[7] The State requested that appellant's pretrial application for writ of habeas corpus be denied.

---

[5] *See* Act of May 30, 2021, 87th Leg., R.S., ch. 942, §§ 9, 11, 2021 Tex. Gen. Laws 2434, 2437 (eff. Sept. 1, 2021) ("The changes in law . . . apply only to an offense committed on or after the effective date . . . . An offense committed before the effective date . . . is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.").

[6] Under the previous version of Texas Penal Code section 43.251, in effect when appellant allegedly committed the offense, "[a] person commits [the offense of employment harmful to children] if the person employs, authorizes or induces a [person younger than eighteen years of age] to work . . . in any place of business permitting, requesting, or requiring a [person younger than eighteen years of age] to work nude or topless." *See* Act of May 26, 2017, 85th Leg., R.S., ch. 1038, § 13, section 43.251, 2017 Tex. Gen. Laws 4072, 4076–77 (amended 2021).

[7] The State made additional arguments in its response to appellant's pretrial application for writ of habeas corpus.

The Texas Attorney General, in response to appellant's pretrial application for writ of habeas corpus, filed a motion to intervene[8] and a brief in support of the constitutionality of Texas Penal Code section 43.251. According to the Attorney General, the trial court lacked jurisdiction to consider appellant's challenges to the constitutionality of Texas Penal Code section 43.251 because appellant "was charged under the prior iteration of section 43.251," which "criminalized the employment of anyone under [eighteen] years of age in a sexually oriented business." Yet, appellant, in his pretrial application for writ of habeas corpus, "challenge[d] the amended [version of the] statute," which "criminalized employing an individual under the age of [twenty-one years old] . . . in a sexually oriented business." The amended version of Texas Penal Code section 43.251, effective September 1, 2021, "ha[d] no bearing on [appellant's] case," and the trial court "only ha[d] jurisdiction to consider the constitutionality of the version of the statute under which [appellant was] charged." Because appellant's pretrial application for writ of habeas corpus "d[id] not challenge the proper version of [Texas Penal Code] section 43.251 . . . his [pretrial application for writ of habeas corpus] c[ould not] have any

---

[8] *See* TEX. GOV'T CODE ANN. § 402.010; *see also Abbott v. Mexican Am. Leg. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 697 (Tex. 2022) (Attorney General may intervene in suit where constitutionality of state statute is challenged).

bearing on the outcome of his criminal prosecution." The Attorney General requested that appellant's pretrial application for writ of habeas corpus be denied.[9]

In his reply, appellant acknowledged that "the version of [Texas Penal Code section 43.251 in effect] at the time of [the commission of] his alleged offense was different than the current" version of section 43.251 in effect when he filed his pretrial application for writ of habeas corpus. And he did not dispute that he challenged the constitutionality of the current version of Texas Penal Code section 43.251 in his pretrial application for writ of habeas corpus. Instead, appellant asserted that the State was incorrect "to say that [a defendant] c[ould] only contest the parts of a statute that [he was] charged under." Appellant did not file an amended pretrial application for writ of habeas corpus challenging the version of Texas Penal Code section 43.251 that was in effect when he allegedly committed the offense of employment harmful to children on or about October 26, 2020.

The trial court denied appellant's pretrial application for writ of habeas corpus.

## Standard of Review

A pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). Unless double jeopardy is involved,

---

[9] The Attorney General made additional arguments in his motion to intervene and brief in support of the constitutionality of Texas Penal Code section 43.251.

pretrial habeas is not available unless the question presented, if resolved in the defendant's favor, would result in his immediate release from custody. *Id.* at 891–92.

A defendant may seek a pretrial writ of habeas corpus to challenge the facial constitutionality of a statute, i.e., to attack the validity of the statute itself. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). Whether a statute is facially constitutional is a question of law that we review de novo. *Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015). When the constitutionality of a statute is attacked, we usually begin with the presumption that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. Crim. App. 2013). Ordinarily, the burden rests upon the party challenging the statute to establish its unconstitutionality. *Id.* at 15. However, when the State seeks to impose punishment for content-based speech, we reverse these standards: content-based regulations are presumptively invalid, and the State bears the burden to rebut that presumption. *Id.* at 15.

## Jurisdiction

In his sole issue, appellant argues that the trial court erred in denying him habeas relief because the previous version of Texas Penal Code section 43.251, under which appellant was charged, is facially unconstitutional. Appellant asserts

7

that it constitutes a "content-based restriction" that "does not survive strict scrutiny."[10] (Emphasis omitted.)

As an initial matter, we first must address the trial court's jurisdiction over appellant's challenge to the constitutionality of Texas Penal Code section 43.251 raised in his pretrial application for writ of habeas corpus. *See Ex parte Waggoner*, 61 S.W.3d 429, 431 (Tex. Crim. App. 2001); *Ex parte Duckens*, No. 14-21-00575-CR, 2022 WL 4962186, at *2 (Tex. App.—Houston [14th Dist.] Oct. 4, 2022, no pet.) (mem. op., not designated for publication).

To attack the facial constitutionality of a penal statute, a defendant must show that the challenged statute is "being invoked against him," meaning that the defendant was convicted or charged under the portion of the statute "the constitutionality of which he questions." *Ex parte Ingram*, 533 S.W.3d at 892–93;

---

[10] Although appellant uses the term "overbreadth" in his briefing, he does not actually raise a challenge under the First Amendment's overbreadth doctrine nor provide any analysis or authority to support such a challenge. *See* TEX. R. APP. P. 38.1(i); *R.A.V. v. City of St. Paul*, 505 U.S. 377, 381 n.3 (1992) (contrasting technical "overbreadth" claim—that statute violated rights of too many third parties—with claim that statute restricted more speech than constitutionally permitted because it was content based); *Martinez v. State*, 323 S.W.3d 493, 498 (Tex. Crim. App. 2010) (explaining defendant's complaint that statute improperly restricted his right to free speech was improperly labeled as "[an] overbreadth claim" and noting defendant "was not mounting a classic overbreadth claim as it [was] understood in its legal and technical nomenclature"); *Ex parte Fairchild-Porche*, 638 S.W.3d 770, 778–93 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (analyzing assertion statute facially overbroad in violation of First Amendment separately from assertion statute constituted "a content-based restriction of speech that violate[d] the First Amendment" and could not survive strict scrutiny).

8

*State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 909 (Tex. Crim. App. 2011) (internal quotations omitted); *see also Ex parte Usener*, 391 S.W.2d 735, 736 (Tex. Crim. App. 1965) ("[I]t is incumbent upon an accused to show that he was convicted or charged under the portion of the statute the constitutionality of which he questions."); *Ex parte Duckens*, 2022 WL 4962186, at *2. A defendant generally lacks standing to challenge the constitutionality of a statute under which he has not been charged. *See Fine*, 330 S.W.3d at 909; *Ex parte Duckens*, 2022 WL 4962186, at *2.

Although in his briefing in this Court appellant "challenges the [previous] version of [s]ection 43.251(b)(1) that applies to the allegation against him and not the current version that took effect [on] Sept[ember] 1, 2021," appellant, in his pretrial application for writ of habeas corpus filed in the trial court, did not challenge the previous version of Texas Penal Code section 43.251 in effect when he allegedly committed the offense of employment harmful to children on or about October 26, 2020.[11] Instead, appellant solely challenged the current version of Texas Penal Code

---

[11] Under the previous version of Texas Penal Code section 43.251(b)(2), in effect when appellant allegedly committed the offense, "[a] person commits [the offense of employment harmful to children] if the person employs, authorizes or induces a [person younger than eighteen years of age] to work . . . in any place of business permitting, requesting, or requiring a [person younger than eighteen years of age] to work nude or topless." *See* Act of May 26, 2017, 85th Leg., R.S., ch. 1038, § 13, section 43.251, 2017 Tex. Gen. Laws 4072, 4076–77 (amended 2021).

section 43.251,[12] under which appellant is not charged, arguing that it was facially unconstitutional.[13] Because appellant is unable to show that the current version of section 43.251, which he challenged in his pretrial application for writ of habeas corpus, has been invoked against him, the trial court lacked jurisdiction to consider his facial challenge to the constitutionality of that version of the statute. *See, e.g.*, *State v. Scott*, 460 S.W.2d 103, 107 (Tex. 1970) ("[O]nly a person charged with [d]istribution of obscene materials [w]ith constructive knowledge of their obscene character may question the validly of [the statute] on the grounds set out in defendants' motion . . . . The defendants in this case were not so charged."); *Ex parte Duckens*, 2022 WL 4962186, at *2; *Ex parte Fairchild-Porche*, 638 S.W.3d 770, 778 n.2 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (noting Legislature had amended Texas Penal Code section but amended provision did not apply to defendant's case because offense allegedly committed before effective date); *Hinds*

---

[12]    Under the current version of Texas Penal Code section 43.251(b)(2), "[a] person commits [the offense of employment harmful to children] if the person employs, authorizes or induces a [person younger than twenty-one years of age] to work . . . in any place of business permitting, requesting, or requiring a [person younger than twenty-one years of age] to work nude or topless." *See* TEX. PENAL CODE ANN. § 43.251(a), (b) (current version).

[13]    We also note that appellant's constitutional challenges raised in the trial court in his pretrial application for writ of habeas corpus do not comport with his sole issue on appeal in that his pretrial application challenges the constitutionality of a different version of Texas Penal Code 43.251 than his appellant's brief does. *See* TEX. R. APP. P. 33.1; *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (issue on appeal must track arguments made in trial court).

*v. State*, No. 03-19-00500-CR, 2021 WL 2834717, at *2–3 (Tex. App.—Austin July 8, 2021, pet. ref'd) (mem. op., not designated for publication) (defendant could not challenge constitutionality of statute under which he was not convicted); *State v. Stubbs*, 502 S.W.3d 218, 223 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (trial court lacked jurisdiction to declare entire statute unconstitutional when defendant was only indicted under subsection (a) of statute); *Ex parte Maddison*, 518 S.W.3d 630, 635 (Tex. App.—Waco 2017, pet. ref'd) (same); *Mouton v. State*, 627 S.W.2d 765, 767–68 (Tex. App.—Houston [1st Dist.] 1981, no pet.) (where statute had no applicability to case, court could not address issue of constitutionality and defendant could not raise constitutionality complaint). This is because even a favorable resolution to the constitutional complaints raised in appellant's pretrial application for writ of habeas corpus would not deprive the trial court of the power to proceed on appellant's current charge or result in appellant's immediate release and addressing the merits of appellant's constitutional challenges would result in a prohibited advisory opinion. *See Ex parte Ingram*, 533 S.W.3d at 891–92; *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006) (explaining, generally, "a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release"); *Ex parte Duckens*, 2022 WL 4962186, at *2; *see also Salinas*, 464 S.W.3d at 366 (it is well-settled that statute's constitutionality should not be

11

determined in any case unless that determination is "absolutely necessary to decide the case in which the issue is raised" (internal quotations omitted)); *Ex parte Usener*, 391 S.W.2d at 736; *Williams v. State*, No. 01-15-00629-CR, 2016 WL 4055427, at *2–3 (Tex. App.—Houston [1st Dist.] July 28, 2016, pet. ref'd) (mem. op., not designated for publication) ("When challenging the constitutionality of a statute, it is incumbent upon an accused to show that he was convicted or charged under that portion of the statute the constitutionality of which he questions. Without this showing, any constitutional determination would be a prohibited declaratory judgment. This [C]ourt does not determine the constitutionality of a statute unless such a determination is absolutely necessary to decide the case in which the issue is raised." (internal citations and quotations omitted)).

Based on the foregoing, we hold that the trial court did not err in denying appellant's pretrial application for writ of habeas corpus.

We overrule appellant's sole issue.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).